3 17 0 8 5 1 people of the state of Illinois Apolli versus Sherwood Lyles Appellant. Good morning gentlemen um since I'm the only one that you can see I'm going to introduce the case and call your names. Mr. Mathew is your honor proceeding. Yes your honor. Please go ahead. May it please the court counsel my name is Akshay Mathew and I represent Sherwood Lyles in this appeal. I will primarily be discussing argument one as well as three and four as they relate to the first argument. For argument two I will rely on the questions your honors may have at the end. Mr. Lyles was traveling as a passenger in a vehicle that was stopped for an alleged traffic violation. While riding up the warning ticket for the driver police conducted a canine swift sniff test of the vehicle and the dog alerted. Police then detained Mr. Lyles, the male driver Robert Dias, and two female passengers Elizabeth Jones and Mary Brown. And then they conducted a search of the vehicle. Police found methamphetamine and duffel bag in the cargo area. Robert Dias claimed ownership of the bag and its contents. All four individuals were arrested and later police also found methamphetamine in two other other areas. One was strapped with a girdle onto one of the female passengers Jones and the other was found in a police car which Mr. Lyles had not entered. At no point did Mr. Lyles have actual possession of any methamphetamine. The state proceeded to trial under a theory of constructive possession. However the evidence and trial was not sufficient to support a finding of constructive possession. The state needed to prove beyond a reasonable doubt that Mr. Lyles had knowledge of the meth that was found in the vehicle and that he exercised immediate and exclusive control over the area where it was found. Neither element was proven. Besides being a passenger in the vehicle the state presented no evidence connecting Mr. Lyles to the meth found in the vehicle. First this was a rental car that was not in Mr. Lyles name. He was not the driver or even an authorized driver on the rental agreement. There was no meth or contraband in plain view. It was in a duffel bag in a vacuum sealed bag within the duffel bag and the other two locations were presumably on the female passengers. Mr. Dias took full responsibility for the drugs in the duffel bag and there was no evidence that Mr. Lyles knew that there was that the meth was present there. This court has stated that criminal responsibility may not be imposed by or even defendants knowledge that offense is being committed isn't sufficient to prove constructive possession. Accordingly the state did not prove anything beyond Mr. Lyles being present at the scene. The state presented several arguments as to circumstantial evidence supporting constructive possessions. None of these arguments individually are cumulatively sufficient to support a conviction. First the state argued that traveling to Cleveland to resolve a SSI issue was unusual. The state is attempting to impart negative inferences on something that is perfectly normal thing to do. The state says SSI can be filed anywhere but inherent in filing an SSI is certain documents among which would be W-2s from an employer and birth records or information regarding dependents. These kind of documents would only be available by being present within the state for example. So while the SSI application may be filed anywhere the documents relating to that could require a person to travel to a certain city. Second the state argued that traveling without any belongings is unusual. This was a from LA to Cleveland would be a 20 to 30 hour trip and it would not be that unusual to make that entire trip without changing clothes and Mr. Lyles had stated that he was planning on permanently living in Cleveland that could account for why his clothes were not present with him because they were already where he already in Cleveland. Further if this was a supposed drug trafficking round trip that would only mean that Mr. Lyles had to make a round trip 70 hour trip without clothes and that would also that would be even more unusual. Third the state argued that Mr. Dyess lied and said that Mr. Lyles was his uncle. First the state never proved this was a lie and even if it was a lie Mr. Lyles has no control over what Mr. Dyess was going to say. Mr. Dyess obviously was trafficking drugs and he would have said things to avoid suspicion. Fourth the state argues that it's not logical for a group transporting drugs to bring someone not involved. Criminals should not be expected to operate logically or even intelligently and regardless there is very little risk to the other passengers and the driver. The meth was not in plain view and there was very little reason for Mr. Lyles to be looking in someone else's duffel bag and the meth unlike marijuana doesn't impart a strong odor so Mr. Lyles could have been completely unaware of any meth that was present in the vehicle and especially with the two female passengers it would be somewhat outrageous to expect that Mr. Lyles would know what was underneath the clothes of the two female passengers. The state also talks about Mr. Lyles' demeanor. This is a characterization that I think is inaccurate. In the video it shows initially that Mr. Lyles was somewhat mad and surprised when he was in the SWAT car talking to Jones. Again this is a completely rational response to being arrested and the state says that once the police officer entered the car Mr. Lyles started to be nice. Again this is rational and probably best practice to be nice to an officer who's arresting you. Next the state talks about possessions of two cell phones. First there's no proof that the phone was Mr. Lyles. Police had found five phones and every one of the passengers and the driver had claimed one of the phones and then there was one accounted for. It was not necessarily Mr. Lyles' phone. The phone wasn't powered on to check who it belonged to and it wasn't determined whether that the phone even got service. Further even if this was Mr. Lyles' cell phone it's not unusual for people to have multiple cell phones. People keep old phones as backups and in today's age there's easier ways to remain anonymous than having multiple phones. The next argument that the state made was the distribution of cocaine conviction that Mr. Lyles had from 1996. This is also covered in argument three and this should have not been something that was presented to the jury except as propensity evidence it is not at all relevant to the question of possession. First of all the offense occurred 20 years ago and the prior conviction was for delivery of cocaine. Delivery was not an element of the offense in the instant case and the state cites to Watkins. Now Watkins is distinguishable because that's a case where the prior conviction was for delivery as well as the current charge it was for delivery so that showed that because earlier a defendant with a large amount of drugs was planning to sell it it shows that in the current case a defendant with a large amount of drugs was probably trying to sell it. It's not relevant to the question. Accordingly this should not have been admitted as evidence and even if even as it was admitted it should only be relevant as propensity which is not an acceptable acceptable to use it as propensity evidence. And finally which was covered also in argument four is the this is not relevant to the issue of drug possession and the court even makes this finding which is why initially the court granted the defense's motion eliminating on this topic. The court later found that it was relevant to impeach Mr. Lyle's statement about SSI. However this is a collateral issue and not relevant to the element of the charge defense. Accordingly impeachment should not have been permissible on that matter as it's typically not allowed on collateral matters. Further it's not particularly relevant to the SSI issue either. Just because someone is applying for SSI it doesn't necessarily mean they have no money whatsoever and even if they did have a large sum of money it doesn't necessarily mean that the SSI would have been granted. So it's not particularly relevant to that issue and even if it was relevant the probative value here is as the court indicated very little but the court also understated the prejudicial effect. The state used this evidence to argue that Mr. Lyle's was money laundering which is propensity evidence and also the state alleged that he was a drug dealer because he carried large amounts of money. Both of these were very prejudicial inferences to make and somewhat improper inferences to make and there was no limiting instruction on how the jury was to consider the evidence. Finally the video was not even properly authenticated. Mr. Lyle's was the defense was under the impression that this video would not be coming in pursuant to the motion eliminate order and it was at the very last minute that the court on the state's motion reversed that ruling during the middle of trial. At that point the state had not provided any notice about the authentication and then the state was also not necessary to authenticate under the business record exception. Accordingly this was almost like a trial by ambush. The defense was not expecting this video to come in but the court allowed it at the last minute but there was no way for the defense to test the authenticity of this video. Accordingly Mr. Lyle's request that this court reverse and vacate outright Mr. Lyle's conviction and alternatively based on arguments three and four this court can also reverse and remand for further proceedings. Does the court have any questions with regards to argument one? No. And last, thank you Mr. Master. Thank you. And Mr. Nicolosi. Thank you your honors. May it please the court, counsel, good afternoon. My name is Justin Nicolosi. I am the attorney for the the state of Illinois, the appellee in this matter. The state first submits that the evidence presented at trial was sufficient to unlawful possession of a controlled substance beyond a reasonable doubt. As I wrote in my brief there are a lot of areas to analyze when it comes to constructive possession and case law has established a lot of different things to consider when dealing with constructive possession. A person constructively possesses when they have the intent and capability to maintain control and dominion over property. Case law establishes that more than one person can constructively possess an item and case law is established that of course in cases regarding constructive possession they're all often circumstantial because obviously the person isn't physically holding the items. So you need to look at the totality of circumstances and the circumstances in this case show that that the defendant any rational trier fact could have found that the defendant knew that the drugs were in this vehicle. Again there was very little property in this vehicle besides two bags one with men's clothing one with female clothing and pillows and blankets. The defendant had told an officer that they were coming from Los Angeles to California that's a long trip. If he did say he was moving to Cleveland he didn't bring any property or anything so I think a jury can find or any rational jury could find that this was a round trip as as counsel Matthew stated. To do this trip with only one bag of men's clothes and and the meth that Mr. Diaz claimed possession of was found in those clothes the state submits that it stands to reason that the defendant had access to that bag and probably did change his clothes even a round trip from LA to Cleveland is a pretty long drive. While it's possible he didn't change clothes it's probably not reasonable to believe that and the fact that he was on such a long trip with these these three individuals and Mr. Diaz claimed that he knew that the drugs were in the bag obviously Elizabeth Jones had the drugs on her person and Mary Brown also had a significant amount of methamphetamine which she had hidden under the seat in the squad car during her transport. So the state submits that the fact that three of these individuals clearly had possession of significant amounts of meth and the defendant didn't is not a conclusion to be drawn based on on this the evidence here. The state also adds there are a couple other things that that a rational jury would have could have found the defendant guilty based on the testimony was the defendant was not surprised to be arrested which would lead a trier of fact to believe that he knew that there was methamphetamine. Of course he was in close quarters in this vehicle for a long period of time. It's reasonable to believe he did know in some way shape or form that there was drugs in this car and that he had he was involved in this this plan clearly to drive to distribute this this material. Mr. Nicholson let me ask you a question. Okay the evidence seems to show at least from my background rational mind that the defendant is probably a drug dealer. However we also know that birds of a feather seem to flock together so if a guy who was a drug dealer sees one of his friends and gets in a car with and he knows his friend is a drug dealer too but that drug dealer has drugs and in the trunk in a bag and he didn't see him and the police stop him and yada yada yada and does that put this guy that got in a car with a guy he knows to be a drug dealer does that put him and and let's say this guy is in fact himself a drug dealer but does that put him in constructive possession of the dope in the back of of the car he got into? Not if it was a five minute drive your honor I would say no but this was a long trip. This was again as counsel suggested perhaps 20 to 30 hours from LA to Cleveland and then you gotta assume this 20-30 hours back then there's probably some time in Cleveland so the fact that this was such a long a more complicated journey I would say kind of leans the the perception the other way that he probably did know but like I said no looking at it on the surface no the fact that there's drugs in a bag or people had drugs on their under their clothing no somebody you know if you got into a car a taxi cab with three other people in it and they all had drugs under the person you'd of course not know that but this wasn't a taxi cab this wasn't a short drive this was clearly some sort of a plot a scheme a plan and the state submits that it was it was reasonable for the jury to believe that based on the fact that this was a a long trip and a conscious plan to sell a lot of drugs that the defendant probably did know what was happening so the state the state submits are based on the circumstantial evidence here that the the evidence did show that he constructively possessed the methamphetamine moving on to issue three and four as as mentioned by counsel the state submits that the the trial court did not abuse its discretion in admitting the prior conviction that was the 1997 conviction for conspiracy to distribute cocaine base and cocaine powder as defense counsel argued at some point i believe that was a trial that or maybe it was probably before but that conviction involved the defendant being part of a gang conspiring to distribute drugs cross-country the state submits that as described to trial that these events do have quite a bit of baseline similarity there are multiple people involved there were drugs involved there was a those facts and the similarities between the cases that this was relevant and established defendant's knowledge the state argued below and i argued in my brief about Watkins that was in this court and in Watkins this court cited to LaCour and other cases like Mitchell that discussed that the rules of evidence do provide for prior convictions to be stated that it is true that the majority of these cases deal with admitting prior convictions to establish knowledge of intent to deliver it seems to be the intent to deliver is the the focal point of these cases the state i kind of wonder why that is i don't understand why you can have a prior conviction that can that is permissible under the rules of evidence to show an intent but it can't show knowledge of possession it can't show possession i don't quite understand the distinction i don't believe there should be a distinction again the state submits that the facts of the prior case or the baseline facts there besides the intent were very similar to this case and should be admissible rule of evidence 404b permits the state to present evidence to to approve an action was done knowingly and the state submits that this prior conviction does that it shows that this his presence in that car and this long trip with all these drugs it was not inadvertent or innocent behavior and and additionally that the state submits to the jury was instructed to only use this conviction for the limited purpose for which it was admitted which was to establish his knowledge and so the case law of course has established that that a limiting instruction of the type that was given in this case substantially reduces any prejudicial effect that this information would have on a prior fact moving on to the issue for the casino video the state acknowledges that this is not a very strong piece of evidence and and the state would agree with the trial court that this this wasn't all that probative for the state and it wasn't all that prejudicial for the defendant i believe that is absolutely the case this this video doesn't show the defendant engaged in any drug activity he's he's in a casino and it's curious behavior it's bizarre it's odd but it's not criminal and so my overall point my my strongest point on this this issue is that this is harmless error if this is error this is harmless error because it just it's very weak on both sides as the judge consistently said he said this was not the central point of the state's case this wasn't critical evidence and the state submits that that's that's entirely accurate and that if this court does find that it was error to admit that that video it was harmless error so with that the state would i would ask this court to affirm the defendant's conviction and sentence if there are any other questions i'd be how did the defendant just tag with that phone um one of the officers uh sergeant sweeney he was the one who testified that defendant had two phones i believe and maybe mr matthew can correct me i think that was the only piece of evidence at trial that that second phone did have some tie to the defendant but uh i don't i don't think there was any yeah there was no other proof that that was his phone that he had two phones and i argued in my brief and i would argue now that that's not a significant piece of evidence um in this case uh i think that there was obviously the officer went on to say the first years have two phones sure it's a defendant's trial now what is it excuse me one of the other three so i'm just you just think it's not that important is that well no because i think the jury the jury um never heard proof that that the second phone was the defendant's i that the state that was not a bedrock of the state's case the state didn't uh establish that that that both of these phones were defendants um so i i think the you know giving the jury some credit they didn't hear uh there was no expert or anything brought in to prove that these phones were active and that they were registered a defendant that he used them so i think the the state didn't didn't um go out of their way to establish that that because these two phones were the defendants and that that he is a uh that that the jury should find convict him based on that fact um the state would submit there's plenty of other evidence to um point to the fact that that uh possessed these drugs well let me ask you that did the officer testify where he recovered the phones in other words were they on the defendant's person or or uh to be perfectly honest with you i don't know that off the top of my head your honor um yeah i i don't know i don't know that off the top of my head i'm sorry no okay thank you if there are any other questions uh i'd be happy to answer them but that's all i have mr striver any questions oh no more questions judge all right thank you mr thank you and mr mass you're ready to reply thank you your honors with regards to the length of the trip i believe a council said that it would be different if it was a short trip versus a long trip uh unless prior to long trips that a passenger checks the entire car and all the all the the items in the car it would be no difference on the time of the trip um here there was one duffel bag and there were two male passengers i believe they said there was some one male clothing in there so um presumably this is one of their duffel bags but mr dais has claimed responsibility for it um the state never admitted the bag and itemized what was in it so we can't say that they were sharing this bag because as far as the evidence shows this was just one person's bag and mr dais has claimed responsibility for that the with regards to being a round trip 70 hours without clothes that's if the state wants to say that 20 to 30 hours without a change of clothes is unusual that would make a 70 hour trip even more unusual um and with regards to being mr lyles not being surprised the video was admitted as evidence and even though the officer said he wasn't surprised prior to the officer entering the vehicle mr lyles was having a conversation with i believe it was miss brown and they were certainly expressing surprise at that point mr lyles doesn't express that same thing to the police officer just because i mean it would make sense to be polite to someone who is arresting you let me ask you this just mr lyles his identification indicated he was a resident of what state he had they found on him the his driver's license they had his driver's license and that's a california driver's license okay thanks the i believe justice smith you had asked whether if asked the state uh if mr lyles had knowledge that they were drug dealers whether that would be enough and um in people v taylor this court said even that would not even a defendant's knowledge that offense is being committed is not sufficient so even if mr lyles had some suspicion that there was drug trafficking going on unless he had exclusive control over the methamphetamine and had knowledge of its presence this would not be constructive possession with regards to argument three the state said that um that it didn't understand the distinction and the distinction would be that to to have to presume possession based on a prior conviction for possession that would be tantamount to propensity evidence just because a defendant previously possessed drugs that means that the drugs found around him are now his is is like the definition of propensity um it's acceptable in the case of a delivery because the question then is not whether defendant possessed the drugs the question is whether the defendant possessed it to sell it now if uh the defendant previously possessed a large amounts of drugs and sold it then that shows that well he was probably going to do the same thing with this so it goes toward motive it to go toward possession and um and knowledge of possession that would be a propensity inference the with regards to the cell phone i believe justice schmidt um you had asked about where the phones were found and the there was testimony that five to six phones were found and that everyone had accounted for one of the phones and there was one left over i don't remember off the top of my head which officer testified that but the two phones were not both found on mr lyle's person um it's possible that one of them was the testimony on that wasn't clear regardless having two phones again was is not unusual finally as a message to sign this up sorry your honor um oh i'm sorry you're really sorry um thank you um we ask that you reverse mr lyle's conviction thank you honors thank you both for your argument today your updates the matter under advisement depending through the written decision within a short day we're not taking short recess until i believe father's night so thank you again appreciate your